IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CR.NO. 05-111s |
| | ) | |
| BRANDON SMITH | ) | |

GOVERNMENT'S MOTION FOR AN UPWARD
DEPARTURE PURSUANT TO § 5K2.0

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, and hereby moves for an Upward Departure under the guidelines for reasons set forth in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Zechariah Chafee

ZECHARIAH CHAFEE
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on the 17th day of April, 2006, I mailed a true copy of the Government's Motion for an Upward Departure by ordinary mail and postage prepaid, to:

Kevin Fitzgerald, Esq.
Federal Defender's Office
10 Westminster Street, Suite 300
Providence, RI 02903

Paula Harvey

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CR.NO. 05-111s |
| | ) | |
| BRANDON SMITH | ) | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF
IT'S MOTION FOR AN UPWARD
DEPARTURE PURSUANT TO § 5K2.0

## I. **INTRODUCTION**

The government contends that defendant's guidelines range should be raised four levels in that defendant's struggle with the arresting officer while holding a loaded pistol created an acute danger to the officer's life or physical safety. This behavior is not adequately taken into account by the ordinary guideline calculation.

## II. **FACTS**

On August 18, 2005 at about 10:30pm Providence Police officers Sion and Zincone of the Gun Task Force were on patrol in South Providence. They had word that Brandon Smith of 157 Porter Street had a feud going with some other men and was carrying a silver gun.

When the officers turned into Porter Street they saw a group of men standing in the street across from Smith's house. One of the men was Smith himself, who saw the police and began to walk quickly towards his house. The policemen got out of the car and saw Smith reach to his waist, pull out a silver pistol, and try to hide it in front of him. He was wearing shorts and a T-shirt.

Sion ordered Smith to stop and drop the gun. Smith instead ran up the steps of the house. The officers chased him and Smith slammed the metal door into Sion who forced his way into the common hallway. Smith then kicked the door shut, locking out Zincone. Sion put Smith in a choke hold and smashed his head three times against wall in the dark hallway. Smith dropped his gun which Sion heard fall on the floor. Sion forced Smith to the floor and let Zincone in. They struggled with Smith to get the cuffs on him. Back-up arrived. Smith was taken to Roger Williams Hospital for a cut on his head.

The gun on the floor was a .9mm Taurus serial# TSF 73251 loaded with a round in the chamber and three rounds in the magazine.

Detective Clift of BCI took the gun. It was test fired. There were no prints lifted from the gun. Defendant admitted having gun in handwritten statement.

Smith has a prior state felony of carrying a pistol without a license, convicted on March 27, 2003.

**III. <u>ARGUMENT</u>**

At present defendant is facing a guideline range of 21 to 27 months for possessing a firearm after a felony conviction. This does not nearly address the high danger defendant posed to Officer Sion as the officer wrestled defendant while defendant held in his hand a 9mm handgun with a round in the chamber and

three rounds in the magazine. Defendant had fled from the two pursuing officers, kicking shut the door and locking out Officer Zincone, thus leaving Officer Sion to fight to arrest defendant alone. It was 10:30 at night in a dark hallway in a building in South Providence. One touch on the trigger would have fired the gun. Defendant should have dropped the gun when he started to flee the officers. Instead his actions created a grave danger to a very brave officer.

Relevant direction comes from Guidelines § 5K2.0.(a)(3) Grounds for Departure (Policy Statement), Departure Based on Circumstances Present to a Degree not Adequately Taken into Consideration. A four level upward adjustment would give a range of 33-41 months. Even that seems barely adequate to penalize defendant for the threat of a gunshot wound or death to Officer Sion, who was gallantly doing the tough and dangerous work of an urban policeman.

Looking at the factors of 18 U.S.C. § 3553 - the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes by defendant - it is clear that a range of 21-27 months is insufficient to comply with these standards.

## V. CONCLUSION

For the reasons set forth, defendant should be sentenced to 41 months incarceration.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ZECHARIAH CHAFEE
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 17th day of April, 2006, I mailed a true copy of the Government's Memorandum in Support of It's Motion for an Upward Departure by ordinary mail and postage prepaid, to:

Kevin Fitzgerald, Esq.
Federal Defender's Office
10 Westminster Street, Suite 300
Providence, RI 02903