UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CR No. 05-111S |
| : | |
| BRANDON SMITH : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

    This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, an initial appearance was held on November 19, 2008, and, subsequently, a hearing on April 21, 2009 at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant released pending final sentencing before Judge William E. Smith.

    Based upon the following analysis and the admission of the Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of one (1) day of incarceration to be followed by a term of supervised release for a period of twenty-four (24) months. I further recommend that, while on supervised release, Defendant participate in an outpatient or inpatient substance abuse treatment program as approved by the United States Probation Officer and that Defendant submit to no more than seventy-two urine**

**specimens per calendar year to determine whether Defendant has reverted to the use of drugs and/or alcohol.**

## Background

On November 6, 2008, the Probation Office petitioned the Court for a summons to be served on the Defendant. On November 6, 2008, the District Court reviewed the request and ordered the issuance of a summons. Pursuant to the summons, Defendant presented himself in Court for an initial appearance on November 19, 2008. Subsequent status hearings were held on February 23, 2009 and March 5, 2009 to monitor Defendant's compliance. A revocation hearing was ultimately held on April 22, 2009 at which time Defendant admitted to the following charges:

> **The defendant shall refrain from any unlawful use of a controlled substance.**
>
> Mr. Smith smoked marijuana as evidenced by his positive urine screens on December 18, 2007; January 3, 2008; January 22, 2008; August 12, 2008; August 21, 2008; September 23, 2008; September 29, 2008 and October 3, 2008 and by his subsequent admissions.
>
> **The defendant shall refrain from any unlawful use of a controlled substance.**
>
> Mr. Smith used marijuana and methamphetamine[1] as evidenced by his August 8, 2008 positive urine screen and subsequent admission on this same date.
>
> **The defendant shall follow the instructions of the probation officer.**

---

[1] Although Defendant admitted the drug test result, he denied knowingly using methamphetamine and it is believed that such drug was "laced" into marijuana smoked by Defendant without his knowledge.

> Mr. Smith failed to report to the Probation Department in accordance with the Random Urinalysis Color Code Program on December 14, 2007; April 4, 2008; June 16, 2008; August 29, 2008; September 12, 2008 and October 6, 2008.
>
> **The defendant shall participate in and satisfactorily complete a program approved by the U.S. Probation Department for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse.**
>
> Mr. Smith failed to attend outpatient substance abuse counseling on October 17, 2007; January 16, 2008; January 18, 2008; January 25, 2008; February 29, 2008; March 29, 2008; April 23, 2008; July 2, 2008; July 23, 2008; September 24, 2008 and October 28, 2008.

As Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Title 18 U.S.C. § 3583(e)(2) provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

Title 18 U.S.C. § 3583(e)(3) provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a

term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, the Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation.

Title 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is three years. There has not been any term of imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-named statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the United States Sentencing Guidelines ("USSG") provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one

violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) of the USSG provides that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) states that upon finding of a Grade C violation, the Court may revoke, extend, or modify the conditions of supervision. In this case, the Defendant committed Grade C violations, and the statutory maximum term of supervised release has already been imposed. Therefore, the Court may not extend supervision, but may revoke or modify supervision.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of

Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.

Section 7B1.4(a) of the USSG provides that the Criminal History Category is the category applicable at the time the Defendant was originally sentenced. In this instance, the Defendant had a Criminal History Category of IV at the time of sentencing.

Pursuant to § 7B1.4(a), the criminal history category is the category applicable at the time the defendant was originally sentenced. In this case, the Defendant had a criminal history category of IV at the time of sentencing. Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, the defendant committed Grade C violations and has a criminal history category of IV. Therefore, the applicable range of imprisonment for this violation is six to twelve months.

Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that

substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The first provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

### Offender's Characteristics

Defendant first came before this Court in 2005 as a twenty-two year old charged with being a felon unlawfully in possession of a handgun. Defendant also had a 2002 state firearm conviction at age nineteen and a juvenile record.

Defendant was born in Providence and has lived here most of his life. He was raised by his mother in a single-parent household and has three siblings. He dropped out of school in the ninth grade and was pursuing a GED. He has almost no employment history and is currently collecting Social Security disability benefits due to a mental disability. Defendant has a history of marijuana usage and alcohol abuse.

In 2006, Defendant was sentenced in this case to twenty-seven months in prison to be followed by thirty-six months of supervised release. Defendant's term of supervised release commenced on August 29, 2007. Unfortunately, Defendant promptly reverted to using marijuana and failed to regularly attend drug treatment. That misconduct ultimately caused Probation to commence this violation case in November 2008.

Initially, the pending violation Petition was a wake-up call, and Defendant's compliance improved somewhat. However, Defendant has since been verbally admonished for excessive drinking and recently missed a drug test and a drug treatment appointment. To Defendant's credit, there is no indication that he has returned to the criminal behavior such as firearm possession that resulted in this case, and no evidence that he has reverted to drug use since this violation case was started last year. In addition, Defendant has reportedly been more involved in his childrens' lives and sees the older two (ages seven and five) regularly and is making an effort to connect with the youngest (age three).

At the hearing, the Government proposed a below-guidelines sentence of thirty days to be followed by twenty-four months of supervised release. The guideline range is six to twelve months. Defendant's counsel questioned the productiveness of further jail time and argued for a thirty-day home confinement sentence. While I believe that some punishment is warranted, Defendant's history on supervised release has been a mixed bag of positives and negatives (with more positives than negatives as time has passed). Thus, I do not believe that a jail sentence at this time is warranted or would be productive. I propose sentencing Defendant to a one (1) day term of incarceration and then using that violation sentence to restart his supervised release with a twenty-four month term. Defendant's term of supervised release is currently scheduled to expire on August 28, 2010 and this sentencing recommendation, if accepted, would effectively extend his supervision for several months into the spring of 2011. This should be a sufficient punishment at this point to send Defendant the message that violating his supervised release conditions has consequences and to give him notice that future violations will be dealt with more severely.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of one (1) day of incarceration to be followed by a term of supervised release for a period of twenty-four (24) months. I further recommend that, while on supervised release, Defendant participate in an outpatient or inpatient substance abuse treatment program as approved by the United States Probation Officer and that Defendant submit to no more than seventy-two urine specimens per calendar year to determine whether Defendant has reverted to the use of drugs and/or alcohol.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 22, 2009